# TOWERS ASSOCIATES REAL ESTATE v RICHARDSON
## Case No. AP 88-3479 "AY"
Fifteenth Judicial Circuit, Palm Beach County
February 8, 1990

### APPEARANCES OF COUNSEL

**Richard P. Zaretsky, Esquire,** for appellant.
**Glen M. Boecher, Esquire,** Legal Aid Society, for appellee.

Before COOK, MARTIN, WENNETT, JJ.

### OPINION OF THE COURT

JACK H. COOK, Circuit Judge.

The Appellant landlord, Tower Associates Real Estate, appeals an

order of the County Court, awarding the Appellee tenant, Sterlette Richardson, damages pursuant to Section 83.67, Florida Statutes. For the reasons set forth below, we affirm the County Court judgment.

Sterlette Richardson failed to pay Tower Associates rent due under an oral lease and Tower Associates demanded payment or possession by a specified date. Ms. Richardson failed either to pay or to vacate the premises, prompting Tower Associates to enter the premises and remove and dispose of Ms. Richardson's personal property. The case below was initiated when Tower Associates filed for eviction and $400.00 in back rent. Ms. Richardson counterclaimed seeking damages for the removal and disposal of her personal property.

Section 83.67 prohibits certain practices by the landlord, one of which is the removal of a tenant's personal property from a dwelling unless that action is taken after "surrender, abandonment or a lawful eviction." The statute goes on to provide that any landlord who violates any provision of the section is "liable to the tenant for actual and consequential damages or three month's rent, whichever is greater, and costs, including attorney's fees."

The trial court found that Tower Associates had unlawfully removed and disposed of Ms. Richardson's belongings thereby violating Section 83.67. Since Ms. Richardson offered no proof of the value of the items removed, the Judge awarded three times the monthly rent or $1,200.00 in damages.

Tower Associates alleges that Section 83.67 constitutes an unlawful taking of its property without due process of law. In essence, Tower Associates argues that the statute calls for the award of liquidated damages and thus runs afoul of the holding in *Missouri Pacific Railway Co. v Tucker,* 230 U.S. 340, 33 S.Ct. 961, 97 L.Ed. 1507 (1913). In *Missouri Pacific* the Supreme Court considered a Kansas statute regulating common carrier rates. The statute provided that if a carrier charged more than the fixed rate, the aggrieved party could recover liquidated damages of $500.00. The Court held that where actual damages are readily ascertainable, such a liquidated damage provision violates due process.

Ms. Richardson counters that the statute is sustainable on two grounds. First, she argues that the statute provides for liquidated damages in an area of law where actual damages would be difficult if not impossible to ascertain. Second, she asserts that the statute can reasonably be construed as providing a penalty designed to dissuade landlords from engaging in certain prohibited conduct.

We agree with the Appellee's analysis. In *Harris v Beneficial Finance*

*Co. of Jacksonville,* 338 So.2d 196 (Fla. 1976), the Florida Supreme Court addressed an analogous statute. The Consumer Protection Act prohibited a creditor from communicating with a debtor's employer prior to obtaining a final judgment against the debtor. A violation of the act was punishable by recovery of either actual damages of $500.00, whichever was greater. The *Harris* Court addressed the *Missouri Pacific* case and distinguished it on the two grounds asserted by the Appellee in this case. We find the reasoning in *Harris* controlling. As in the *Harris* case, this statute provides a penalty for conduct which the legislature wishes to discourage. Additionally, when a landlord removes a tenant's property and disposes of it, the tenant cannot procure an appraisal of the property and a determination of value would be difficult at best.

Accordingly, we find that Section 83.67 is constitutional and that the judgment below should be affirmed.

Martin and Wennet concur.